WILLIAM K. HILTON and another vs. JENNIE E. MORSE.

Androscoggin.    Opinion June 2, 1883.

*Deed.    Husband and wife.    Fraudulent conveyance.*

A deed of gift from a husband to his wife is a valid conveyance as against subsequent creditors of the husband, when it does not appear, as one step in a fraudulent design, that it was made with the active and deliberate purpose to put the property beyond the reach of debts which he then intended to contract and not to pay.

ON REPORT.

Writ of entry dated November 6, 1878, to recover possession of a farm in Lewiston.

The plea was *Nul disseizin,* with a brief statement that the defendant is owner in fee of the premises described in the plaintiffs' writ and declaration.

The opinion states the material facts.

*Frye, Cotton and White,* for the plaintiffs.

The property attached was paid for out of the earnings of Alfred E. Morse, defendant's husband, through a series of exchanges, with the exception of four hundred dollars.   The evidence establishes the fact that the four hundred dollars was a voluntary contribution in 1871 on the part of Mrs. Morse towards the erection of a building which was afterward exchanged for the present contested estate ; and at the time neither party intended it to form the basis of a legal indebtedness.   The balance put into the house and lot out of which this real estate came, was made up of the large personal earnings of Alfred E. Morse, receipts from boarders, towards which defendant contributed labor alone, while the rent, grocery bills and all other expenses were met by Alfred E. Morse.

That such a state of facts furnishes no claim for indebtedness from Alfred E. Morse to his wife, see, *Merrill* v. *Smith,* 37

Maine, 394; *Bradbury* v. *Adams*, 37 Maine, 199; *Sampson* v. *Alexander*, 66 Maine, 182; *Paulk* v. *Cook*, 39 Conn. 566.

The plaintiffs do not controvert the proposition that under the decisions upon the statutes of this state a voluntary conveyance made by a husband to a wife cannot be impeached by subsequent creditors, merely because such conveyance was fraudulent as to existing creditors. But where there was an actual intent to defraud subsequent creditors, the conveyance would then be void as to them; see, Bump, Fraudulent Conveyances, (ed. 1872) 327;. *Whittington* v. *Jennings*, 6 Simons (9 Eng. Ch.), 493; *Pratt* v. *Curtis*, 6 Bank. Reg. 142; *Richardson* v. *Smallwood*, Jacob's Ch. Rep. 552; *Brown* v. *M'Donald*, 1 Hill, Ch. (S. C.) * 297; *Savage* v *Murphy*, 34 N. Y. 508; *Laughton* v. *Harden*, 68 Maine, 208; *Paulk* v. *Cook*, 39 Conn. 566; *Madden* v. *Day*, 1 Bailey, (S. C.) 337; *M'Elwee* v. *Sutton*, 2 Bailey, (S. C.) 128; *Beach* v. *White*, Walker's Ch. (Mich.) 495; *Holmes* v. *Penny*, 3 Kay & Johnson, 90; *Mills* v. *Morris*, Hoffman's Ch. 419; *Churchill* v. *Mills*, 7 Coldw. (Tenn.) 364; *Hitchcock* v. *Kiely*, 41 Conn. 611; *Hall* v. *Sands*, 52 Maine, 358; *French* v. *Holmes*,. 67 Maine, 196; *Rollins* v. *Mooers*, 25 Maine, 192; *Hartshorn* v. *Eames*, 31 Maine, 96; *Wheelden* v. *Wilson*, 44 Maine, 11.

*Hutchinson and Savage*, for the defendant, cited: *Foster* v. *Hall*, 12 Pick. 89; *Green* v. *Tanner*, 8 Met. 411; *Hinckley* v. *Phelps*,. 2 Allen, 77; *Bancroft* v. *Curtis*, 108 Mass. 47; *Snow* v. *Paine*, 114 Mass. 520; R. S., c. 61, § 1; *French* v. *Holmes*, 67 Maine, 195; *Davis* v. *Herrick*, 37 Maine, 399.

SYMONDS, J. Writ of entry, in which the only issue is one of title to the farm demanded; the plaintiffs having levied an execution upon the farm as the property of the defendant's husband and claiming to hold it against a prior deed from him (indirectly) to her, dated May 24, 1877, and alleged to be in fraud. of creditors and void.

The act of 1847, c. 27, § 2, which provided that the property of the husband " conveyed by him to the wife, directly or indirectly, without adequate consideration and so that the creditors of the husband might thereby be defrauded, shall be held for the payment of the prior contracted debts of the husband," was held

in *Davis* v. *Herrick*, 37 Maine, 399, to be "equivalent to an
enactment that it shall be held only for prior contracted debts.
A construction which would subject it to the payment of other
debts must destroy the effect of the words prior contracted.
When an act declares under what circumstances property shall
be held for the payment of the debts of former owners who have
conveyed it, that of necessity excludes all other circumstances.
The intention of the framers of the statute appears to have been,
to allow a husband to pay for property conveyed to his wife, with
his own money or property, and to allow his wife to hold it,
unless the creditors then existing of the husband should thereby
be defrauded.   If such conveyances be made to defraud existing
creditors, whose debts have been since paid, the property would
not under the provisions of the statute, while it would by the
common law, be subject to be taken for the payment of debts
subsequently contracted."

The present statutes — R. S., c. 61, § 1 — declare that when
property has been conveyed by the husband to the wife "without
a valuable consideration paid therefor, it may be taken as the
property of the husband to pay his debts contracted before such
purchase."

In *French* v. *Holmes*, 67 Maine, 195, it was held, that the
rule which had been stated in *Davis* v. *Herrick*, as to the validity
of such conveyances against subsequent creditors of the husband,
was not changed by the revision ; that the true construction of
the statutes now in force in this respect is the same as that of the
act of 1847, and it is still only for the husband's debts contracted
before the deed to the wife, that such property is liable to be taken
thereafter.   "The gift from the husband to the wife is valid
unless fraudulent as to existing creditors ;" and then void only as
to them, is also implied.   Other sentences in that opinion, from
which the argument for the plaintiffs draws a different conclusion,
to the effect that " the wife's position as a donee from her husband
differs in no respect from that of any other donee of his," have
reference only to her relation to existing creditors.   It was not
intended by them to reverse the rule declared in *Davis* v. *Herrick*
— which had just been cited with approval — and to hold that a

gift to the wife, in fraud of present creditors, was void also as to later creditors; which would be true of other donees and of the wife also except for the statute. *Clark* v. *French,* 23 Maine, 221; *Marston* v. *Marston,* 54 Maine, 476.

The debt due to the plaintiffs from the defendant's husband was contracted after he had conveyed the farm to her. If, then, the rule already cited applies, and under the statute a gift from the husband to the wife is valid except so far as it is a fraud upon existing creditors, the levy cannot prevail against the defendant's deed, assuming it to be wholly without valuable consideration. The voluntary conveyance to the wife would be good against the after-contracted debt of the husband.

Still, it is claimed by the plaintiffs that there are features which distinguish this case from those which have been cited; that the attention of the court, when it was said in *Davis* v. *Herrick* that under the statute a gift to the wife in fraud of present creditors, they being afterwards fully paid, was good as to later creditors, was directed only to the fact that a change in the law in this respect was introduced by the statute, not to the extent of that change; that that opinion only goes so far as to hold that the principle of the common law by which, the fraudulent character of the conveyance in respect to present creditors being proved, it was void against subsequent creditors, can no longer have general application in cases to which the statute applies; or, in other words, that the mere fact that there are subsequent creditors does not of itself let them in to their common law right of resisting a deed which was void when made as to creditors whose claims had then accrued.

It is urged that in *Davis* v. *Herrick* the court was not considering a case in which actual fraud upon future creditors was directly intended by the conveyance; where there was a deliberate and active purpose to put the property beyond the reach of debts which the grantor then intended to contract and not to pay, to obtain new credits before the conveyance should be known and thereby defraud the new creditors; the voluntary conveyance to the wife being but one step in the execution of this fraudulent design, the grantor being then insolvent and paying the earlier

debts only by contracting others of a later date and of an equal or greater amount, for the purpose of giving validity to his deed by merely changing the date of his indebtedness. Neither the statute nor the decisions under it, it is claimed, prevent the general rule of law from obtaining in this state, by which under such circumstances the subsequent creditors are to be subrogated to the rights of the creditors whose debts their means have been used to pay.

The able argument for the plaintiffs sustains this position by abundant authorities. We find nothing in our cases which is intended to be inconsistent with it. It is undoubtedly correct. The statute does not preclude the operation of the general principles of law and equity in such a case. The facts being established, insolvency of the grantor at the date of a voluntary conveyance to the wife, the direct intent to deceive future creditors thereby and defraud them, new credits obtained in pursuance of this design, the deed and the substitution of new debts for old being but means of accomplishing the fraudulent purpose, the fraud is not to be effective to deprive the substituted debt of any part of the security in this respect which belonged to the original debt.

The evidence in the present case is reported for the decision of law and fact. The question remains, what result follows from the application of these principles to the facts before the court. We do not think it is, to decide the case in the plaintiffs' favor. Elements are wanting, which are necessary in order to withdraw it from the effect of the rule declared in *Davis* v. *Herrick*.

What other motives there were to induce the conveyance to the wife should be considered, before deciding that the intent was to defraud future creditors. Towards the original purchase by the husband, in 1871, of the Park street house, the wife had advanced four hundred dollars, of her own money acquired before marriage, which was about as much as the husband then had to invest. That house and lot cost twenty-two hundred dollars. The husband worked in the mill, and the wife kept boarders, to complete the payments. This property, so acquired, was exchanged for the farm in October, 1873, the deeds in both instances being taken in the husband's name. The husband con-

tinued to work in the mill till May, 1876, the wife having charge of the farm, keeping boarders, and doing various kinds of out-door work besides the housework. The wife was discontented, thought they could do better in the city, and before he left the mill, the husband had promised to give her a deed of the farm, if she would remain there. He went into business as a member of a firm in August, 1876, and the giving of the deed was delayed till May, 1877.

No account of stock had been taken by the firm prior to this deed. The defendant's husband did the general work of a clerk, putting up goods, had no charge of the books and very little to do with the financial part of the management. He had been in the business only about nine months when the deed was given. His partner had been in it longer, was apparently more of a business man than he, and was constantly representing the affairs of the firm as prosperous. That the husband had knowledge of facts which showed the firm to be in failing circumstances, or approaching insolvency, at the date of the deed, we think is not proved.

The case shows that the debts due from the firm at the date of the deed to the defendant were paid before the judgment on which the execution issued to be levied by the plaintiffs, but it does not show that they were paid wholly by incurring new debts, nor that there was anything out of the ordinary course of business in the manner of their payment. The firm failed in November, 1877, but what it owed then does not appear, nor the amount of the debts contracted after May 24, 1877.

There are some admissions in the testimony of the defendant and her husband, which are urged in argument against her, but in several instances they are rather in her favor, in that they indicate a disposition to acknowledge facts, without considering their effect; and not the purpose, hardly even the ability, to devise and carry out the intentional fraud upon subsequent creditors which is alleged.

If the issue here were between the defendant and creditors of her husband, whose debts accrued before the deed to her, a different question would be presented; but the statute, the effect

of which has already been considered, does not permit those who have only the standing of subsequent creditors to defeat the deed upon the ground that at its date it was a fraud upon the existing creditors of the grantor. The evidence reported would not sustain a finding of fact that the conveyance was intended as a fraud upon later creditors in the sense already indicated, part of a scheme of fraud, the object of which was, by incurring new debts to pay prior debts, to put the farm beyond their reach.

For the purposes of this case, we think the plaintiffs stand in the position of subsequent creditors, with only the rights which belong to them in that capacity, and that if the deed to the wife were regarded as wholly without valuable consideration there is not such evidence of actual fraud intended upon them, as under the statute will defeat the deed in their interest.

·Nor does the evidence show that there was no valuable consideration for the deed to the wife. The four hundred dollars which she put into the Park street house was not intended as a gift to her husband.

*Judgment for the defendant.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.